**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

MARVIN TAYLOR,

*Plaintiff-Appellant,*

v.

JO ANNE BARNHART, Commissioner,
Social Security Administration,

*Defendant-Appellee.*

No. 03-2261

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(CA-02-739-3)

Submitted: April 2, 2004

Decided: June 1, 2004

Before WILKINS, Chief Judge, DUNCAN, Circuit Judge, and
Bobby R. BALDOCK, Senior Circuit Judge of the
United States Court of Appeals for the Tenth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Bruce K. Billman, Fredericksburg, Virginia, for Appellant. Paul J.
McNulty, United States Attorney, Debra Prillaman, Assistant United
States Attorney; Lisa De Soto, General Counsel, Thomas Crawley,
Deputy General Counsel, Charlene Bellinger Honig, Office of the

General Counsel, SOCIAL SECURITY ADMINISTRATION, Balti-
more, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

At issue here is Appellant Marvin Taylor's request for waiver of
overpayment of disability insurance benefits. After the Commissioner
of Social Security denied such a waiver, Taylor filed this action seek-
ing reversal of the Commissioner's decision. The district court
granted summary judgment to the Commissioner. Finding no error,
we affirm.

I.

Taylor was awarded disability benefits in January 1995; this award
followed a hearing in October 1994, during which Taylor testified
that he had been working since July 1994 but that his employment
would end in November 1994. The administrative law judge (ALJ)
who conducted the hearing and awarded benefits determined that
Taylor had not engaged in substantial gainful activity since Septem-
ber 1, 1993. During an evaluation of his eligibility for supplemental
security income in March 1995, Taylor divulged that he was still
working. Additional proceedings ensued, during which the ALJ
adjusted Taylor's disability date to June 30, 1995. As a result of this
determination, Taylor was found to have been overpaid benefits of
approximately $21,000.

Taylor subsequently requested waiver of the overpayment. *See* 42
U.S.C.A. § 404(b) (West 2003) (providing that overpayment need not
be recovered from "any person who is without fault if such . . . recov-
ery would defeat the purpose of this subchapter or would be against

equity and good conscience"). The Commissioner denied this request. Taylor sought review of the denial before a different ALJ, who denied relief after conducting a hearing. This ALJ determined that Taylor was not without fault in the overpayment because he failed to promptly and accurately report the work he performed during the time for which he sought disability benefits. *See* 20 C.F.R. § 404.507(b) (2003). The Appeals Council affirmed the ALJ's decision.

Taylor thereafter filed this action seeking review of the denial of the waiver of overpayment. The case was referred to a magistrate judge, who recommended affirmance of the ALJ's decision. The district court adopted the magistrate judge's report, and Taylor now appeals.

## II.

Having had the benefit of the parties' briefs, and after careful consideration of the record and the applicable law, we affirm on the reasoning of the magistrate judge. *See Taylor v. Commissioner*, No. 3:02CV739 (E.D. Va. July 11, 2003). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

*AFFIRMED*